IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| NORTHWEST GEORGIA BANK | § |
| | § |
| PLAINTIFF, | § |
| | § CASE NO. 1:09-CV-301 |
| Vs. | § |
| | § Collier/Lee |
| TICOR TITLE INSURANCE | § |
| COMPANY OF FLORIDA, | § |
| | § |
| DEFENDANT. | § |

## COMPLAINT

Now comes Northwest Georgia Bank, plaintiff in the above styled cause (hereinafter referred to as the "Plaintiff") and files this, its Complaint against Ticor Title Insurance Company of Florida as follows:

### STATEMENT OF PARTIES, JURISDICTION AND VENUE

**1.**

The Plaintiff is a Georgia banking corporation having its principal place of business in Ringgold, Catoosa County, Georgia.

**2.**

American Pioneer Title Insurance Company (hereinafter "America Pioneer") issued a commitment for title insurance and a policy of title insurance to the Plaintiff that is the subject of this litigation. American Pioneer was purchased by

1

Chicago Title Insurance Company on March 19, 2004. American Pioneer changed its name to Ticor Title Insurance Company of Florida on July 8, 2004.

**3.**

Defendant Ticor Title Insurance Company of Florida (hereinafter the "Defendant") is a citizen and resident of the State of Nebraska. The Defendant can be served by serving its registered agent, CT Corporation Systems, 1024 K Street, Lincoln, NE 68508.

**4.**

The matter in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and cost, and is between citizens of different states. The Plaintiff is a citizen and resident of the State of Georgia and the Defendant is a citizen and resident of the State of Nebraska. The Eastern District of Tennessee is the judicial district in which the real property insured by the Defendant is located and the commitment for title insurance and title insurance policy which is the subject matter of this litigation were issued by the Defendant in the Eastern District of Tennessee. Therefore, this Court has original jurisdiction over the Defendant pursuant to 28 U.S.C. § 1332 and subject matter of this Complaint. Venue is properly in this Court pursuant to 28 U.S.C. § 1391(a).

## STATEMENT OF FACTS

**5.**

In 2004, the Plaintiff agreed to make a commercial loan in the amount of $239,819.00 to Lesco Services of Tennessee, Inc. (hereinafter "Lesco") to allow Lesco to acquire real property located at 3115 Freeman Avenue, Chattanooga, Hamilton County, Tennessee and more particularly described on Exhibit "A" attached hereto and made a part hereof. It was a requirement of the Plaintiff that the loan to Lesco be secured by a second deed of trust on the property to be acquired by Lesco.

**6.**

On January 26, 2004, the Defendant issued its commitment to issue a loan policy of title insurance to the Plaintiff in the amount of $236,049.00. The commitment in Schedule B - Section 2 did not make reference to a federal tax lien against Doyle Lamar Bearden which would be superior to the second Deed of Trust to the Plaintiff as an exception. The Plaintiff would not have made the loan to Lesco if it had been aware that the Deed of Trust was not second in priority. A copy of the commitment issued by American Pioneer is attached hereto and made a part hereof as Exhibit "B."

**7.**

Based on the commitment issued by the Defendant, Plaintiff agreed to make the loan to Lesco. On February 20, 2004, the loan was closed. Lesco executed and delivered its promissory note payable to the order of Plaintiff dated February 20, 2004 in the principal amount of $239,819.00. A copy of the promissory note is attached hereto and made a part hereof as Exhibit "C".

**8.**

On the same day, Lesco executed and delivered a second Deed of Trust dated February 20, 2004 conveying the property described on Exhibit "A" to the Plaintiff to secure the promissory note. A copy of the Deed of Trust is attached hereto and made a part hereof as Exhibit "D"

**9.**

The second Deed of Trust was to be subject only to the first Deed of Trust from Lamar Bearden and Melissa Bearden to Bretlin, Inc. The second Deed of Trust was recorded on February 23, 2004 in Book 7029, Page 171 and recorded on March 22, 2004 in Book 7060, Page 971 in the Register's Office of Hamilton County, Tennessee.

**10.**

The promissory note was also to be secured by a second Assignment of Rents and Leases from Lesco Services of Tennessee, Inc. to the Plaintiff dated

4
Case 1:09-cv-00301 Document 1 Filed 11/24/09 Page 4 of 9

February 20, 2004. The Assignment of Rents and Leases was recorded on March 22, 2004 in Book 7060, Page 978 in the Register's Office of Hamilton County, Tennessee. A copy of the Assignment of Rents and Leases is attached hereto and made a part hereof as Exhibit "E."

**11.**

On March 22, 2004, the Defendant issued its policy no. LP-11-0856-3902 in the amount of $239,819.00 insuring Plaintiff that its Deed of Trust was subject only to the items set forth in Schedule B, Part 1. A copy of the policy of title insurance is attached hereto and made a part hereof as Exhibit "F."

**12.**

The commitment for title insurance attached hereto as Exhibit "B" and the loan policy of title insurance attached hereto as Exhibit "F" failed to disclose a Department of the Treasury - Internal Revenue Service Notice of Federal Tax Lien against Doyle Lamar Bearden dated April 30, 2003 and recorded on May 6, 2003 in Book 6658, Page 141 in the Register's Office of Hamilton County, Tennessee. The Notice of Federal Tax Lien is in the amount of $879,270.08. The Notice of Federal Tax Lien was recorded prior to the Deed of Trust to the Plaintiff and is superior to the Deed of Trust to the Plaintiff under Tennessee law. On information and belief, the interest and penalties on the Federal Tax Lien are now over

$1,000,000.00. A copy of the Notice of Federal Tax Lien is attached hereto and made a part hereof as Exhibit "G."

**13.**

Lesco has defaulted under its promissory note to the Plaintiff. The deed under which Lesco Services of Tennessee, Inc. claims title to the property is also subordinate to the Notice of Federal Tax Lien attached hereto as Exhibit "G." As a consequence, Lesco ceased making payments as payments on the Plaintiff's loan would only increase the equity available to IRS under its superior Federal Tax Lien.

**14.**

Lesco did not obtain owners title insurance in connection with the closing. Lesco and its principal Leslie D. Coffey have filed a suit against the closing agent and closing title company in the Circuit Court of Hamilton County, Tennessee.

**15.**

The Plaintiff has sustained a loss and continues to sustain a loss due to the failure of Lesco to pay the promissory note payable to the Plaintiff. The Plaintiff notified the Defendant of the loss on November 14, 2008. A copy of the letter notifying the Defendant of the loss is attached hereto and made a part hereof as Exhibit "H".

**16.**

After notifying the Defendant of the loss, the Plaintiff responded to each request for information although the information requested had no bearing on the issue of the superior Federal Tax Lien. The requests for information from the Defendant were made for the purpose of delay and constitute evidence of its bad faith in this transaction. In addition, the Defendant through different agents requests the same information that has been previously supplied. The only reasonable action the Defendant could take was to pay the IRS lien or pay the Plaintiff under its policy.

**17.**

On December 1, 2008, Plaintiff's counsel wrote Ticor Insurance Company pursuant to the provisions of T.C.A. § 56-7-105 demanding that Defendant honor its commitment under the title policy issued to the Plaintiff and discharge the Federal Tax Lien or otherwise compensate the Plaintiff for the loss incurred. A copy of the letter and return receipt is attached hereto and made a part hereof as Exhibit "I."

**18.**

The policy of title insurance was in full force and effect and was obligatory to the loss sustained by the Plaintiff. The Defendant, although repeatedly requested to do so, has failed and refused to pay Plaintiff the amount due under the

terms of the policy or to remove the superior Federal Tax Lien. The Plaintiff and Lesco reached an agreement with IRS to obtain a release of the Federal Tax Lien, but the Defendant refused to cooperate.

**19.**

Plaintiff has fully complied with each and every term, requirement and provision of the policy of title insurance issued by the Defendant. Although repeatedly requested and demanded to do so, from the time of the discovery of the Federal Tax Lien to the present, the Defendant has failed to pay Plaintiff the amount due and owing under the terms and provisions of the policy of title insurance or to obtain a release of the Federal Tax Lien. Said action by the Defendant was refused by the Defendant in bad faith, the Defendant having no reason to refuse or delay payment under the terms of its policy of title insurance or remove the lien. The Plaintiff is entitled to recover of the Defendant, in addition to the loss hereinabove set forth, a sum not exceeding 25% of the liability to the holder of the policy together with the additional expense, loss and injury including attorney's fees reasonably entailed in the prosecution of this case.

WHEREFORE, The Plaintiff demands judgment against the Defendant in the amount of $239,819.00 together with pre-judgment interest on said sum. The Plaintiff demands 25% thereof as a bad faith penalty as provided under T.C.A. §

8
Case 1:09-cv-00301   Document 1   Filed 11/24/09   Page 8 of 9

56-7-105. The Plaintiff further demands its attorney's fees and expenses of litigation as provided under TCA § 56-7-105.

 

_____
Clifton M. Patty, Jr.
Georgia Bar No. 567350
Attorney for Plaintiff

Clifton M. Patty, Jr.,
Patty & Young
P.O. Box 727
Ringgold, Georgia 30736
(706)935-9100
(706)935-6022 Facsimile
pattylaw@catt.com