COMMITMENT FOR TITLE INSURANCE

COMMITMENT NO. CM-1-0856-13284

ISSUED BY

# AMERICAN PIONEER
## TITLE INSURANCE COMPANY

AMERICAN PIONEER TITLE INSURANCE COMPANY, a Florida corporation, herein called the Company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

The Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six (6) months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

This Commitment shall not be valid or binding until Schedule A has been countersigned by either a duly authorized agent or representative of the Company and Schedule B has been attached hereto.

*IN WITNESS WHEREOF,* AMERICAN PIONEER TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed and by these presents to be signed in facsimile under authority of its by-laws, effective as of the date of Commitment shown in Schedule A.

Issued by:

AMERICAN PIONEER TITLE INSURANCE COMPANY

Legal Title & Escrow, Inc.
737 Market Street
Suite 400
Chattanooga, TN 37402

By: *Ray W. Lassiter*
President

Attest: *George P. Daniels*
Secretary

ENTERED MAR 2 3 2004

**EXHIBIT "B"**

## CONDITIONS AND STIPULATIONS

1. The term "mortgage," when used herein, shall include deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquires actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions and Stipulations.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith [a] to comply with the requirements hereof, or [b] to eliminate exceptions shown in Schedule B, or [c] to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions, the Exclusions from Coverage and the Conditions and Stipulations of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.



# COMMITMENT
## Schedule A

State: **TN**   County:

| File Number | Commitment Number | Effective Date & Time | Reinsurance Number |
|---|---|---|---|
| *040093/bl | CM-1-0856-13284 | 01/26/2004 @5:00 P.M. | |

1. Policy or Policies to be issued:
   ALTA LOAN (10-17-92)
   Proposed Insured Loan:

   **Northwest Georgia Bank**                                                            Amount
   $236,049.00

   2nd Proposed Insured Loan:                                                             Amount


   ALTA OWNER'S (10-17-92)
   Proposed Insured Owners:
                                                                                          Amount


2. The estate or interest in the land described or referred to in the Commitment and covered herein is
   **Fee Simple**
   and is at the effective date hereof vested in:
   **Legal Title and Escrow, Inc., as Trustee**

3. The land is described as follows:
   All that tract or parcel of land lying and being in the City of Chattanooga, Hamilton County, Tennessee and being known and designated as Lot Three (3) of revised plan of Lots Two (2) and Three (3), being a part of Blocks 89 and 98, East Chattanooga Middle Section, as shown by plat of record in Plat Book 59, Page 251, in the Register's Office of Hamilton County, Tennessee

   Being the same property conveyed by Deeds recorded in Book 6199, Page 419; Book 5179, Page 348 and in Book 6887, Page 841, said Register's Office.

_____
Countersigned Authorized Signatory

Issued By: 0856
Legal Title and Escrow, Inc.
737 Market Street, Suite 400
Chattanooga, TN 37402

NOTE: This Commitment consists of insert pages labeled as Schedule A, Schedule B-Section 1, and Schedule B-Section 2. This commitment is of no force and effect unless all schedules are included, along with any Rider pages incorporated by reference in the insert pages.

B-4

| COMMITMENT |
|---|
| Schedule B - Section 1 |

State: **TN**    County:

| File Number | Commitment Number |
|---|---|
| *040093 / bl | CM-1-0856-13284 |

The following are the requirements to be complied with:

1. Instrument(s) creating the estate or interest to be insured must be approved, executed and filed for record to wit:

   a. Quitclaim from Legal Title and Escrow, Inc., as Trustee and Lamar Bearden as sole beneficiary of the Trust under which Legal Title and Escrow, Inc. holds title, to Lesco Services of Tennessee, Inc., a Tennessee corporation.

   b. Assumption Agreement signed by Leslie D. Coffey, as President of Lesco Services of Tennessee, Inc. assuming the debt secured by Deed of Trust from Lamar Bearden and wife, Melissa Bearden for the benefit of Carriage Industries, Inc. (Bretlin, Inc., a Georgia corporation is the successor in interest to Carriage Industries, Inc.) recorded in Book 5179, Page 350, in the Register's Office of Hamilton County, Tennessee, as affected by the Note Assumption Agreement and First Amendment to Tennessee Deed of Trust and Security Agreement and the Amended and Restate Purchase Money Note dated January 16, 2004.

   c. Deed of Trust from Lesco Services of Tennessee, Inc., a Tennessee corporation to Lender. (Note: Loan order shows Leslie D. Coffey as borrower, whereas the documents submitted by Mr. Lawrence show the corporation as being the entity assuming the outstanding debt.) (To be a second mortgage to the first mortgage being assumed.)

2. Payment of the full consideration to, or for the account of, the grantors or mortgagors.

3. Payment of all taxes, charges, assessments, levied and assessed against subject premises, which are due and payable.

4. Satisfactory evidence should be had that improvements and/or repairs or alterations thereto are completed; that contractor, subcontractors, labor and materialmen are all paid.

5. Exceptions 3 and 4 of Schedule B - Section 2 of this commitment may be amended in or deleted from the policy to be issued if a survey, satisfactory to the Company, is furnished to Company.

6. Owner's affidavit from Owner(s) must be furnished.

7. Payment and release of Deed of Trust from Lamar Bearden and Melissa Bearden and A & B Recylcling, Inc., for the benefit of Northwest Georgia Bank dated September 28, 1999, recorded in Book 5454, Page 688, in the Register's Office of Hamilton County, Tennessee. (Said Deed of Trust recites an original indebtedness of $ 212,000.00.)

8. Payment of taxes and stormwater charges for 2001, 2002 and 2003 which now due and/or delinquent on subject property, which is assessed at $226,440.00 under Tax Map No. 127K-B-009 payable **as shown on EXHIBIT A (Tax Sheet) attached hereto and made a part hereof.** The amounts given for 2001 and 2002 taxes will increase on after 1/31/04 and the 2002 County taxes are subject to being turned over to Clerk & Master for collection between 2/6/04 and 2/13/04.

9. Certified copy of corporate resolution authorizing the loan and the execution and delivery of the mortgage instrument required above.

NOTE: This Commitment consists of insert pages labeled in Schedule A, Schedule B-Section 1, and Schedule B-Section 2. This commitment is of no force and effect unless all schedules are included, along with any Rider pages incorporated by reference in the insert pages.

LT&E# 040093 /bl

EXHIBIT A

## TAX SHEET

District # _1_

FILE NO. _040093_

OWNER: _Lot 3 E Chatt_  TAX MAP NO. _127K B 003_

Property: _Legal Title_  Assessment: _226,440_  Date Examined: _1/27_

Assessed to Lamar Bearden

By: _[signature]_

| City or County | Year | Bill # | Paid or Due | Tax | Interest & Penalty | Fees | Court Cost | Total | Good Through |
|---|---|---|---|---|---|---|---|---|---|
| Co | 03 | 3421 | D | 6931³³ | | | | 6931³³ | 2/28/04 |
| Co | *02 | 3418 | D | 6931³³ | 1143⁶⁷ | | | 8075⁰⁰ | 1/31/04 |
| * Will be turned over to back tax attorney between 2/06 & 2/13 | | | | | | | | | |
| | | | | | | | | | |
| Chatt | 03 | 3459 | D | 5697²³ | | | | 5697²³ | 2/28/04 |
| Chatt | 02 | 3446 | D | 5697²³ | 797⁶¹ | 598²¹ | 40⁹² | 7133⁹⁷ | 1/31/04 |
| Chatt | 01 | 3500 | D | 5697²³ | 1481²⁸ | 598²¹ | 40⁹² | 7817⁶⁴ | 1/31/04 |
| Chatt | 03 | SW | D | 963³⁰ | | | | 963³⁰ | 2/28/04 |
| Chatt | 02 | SW | D | 963³⁰ | 87⁹⁵ | | | 1051²⁵ | 1/31/04 |

|  |  |
|---|---|
| **COMMITMENT** | |
| **Schedule B - Section 2** | |

State: **TN**   County:

| File Number | Commitment Number |
|---|---|
| *040093/ bl | CM-1-0856-13284 |

**Exceptions:**
Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company.

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Rights or claims of parties in possession not shown by the Public Records.

3. Encroachments, overlaps, boundary line disputes, and other matters which would be disclosed by an accurate survey and inspection of the premises.

4. Easements or claims of easements not shown by the Public Records.

5. Taxes or special assessments which are not shown as existing liens by the Public Records.

6. Any lien, or right to a lien, for services, labor and/or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

7. Taxes for 2004 which are a lien not yet due and payable, including any increase in assessment resulting from improvements constructed on the insured premises, and any taxes for prior years which may be refunded subsequent to the date of this policy.

8. Easements and other matters on plats recorded in Plat Book 3, Page 21, Plat Book 46, Page 122 and Plat Book 59, Page 251, in the Register's Office of Hamilton County, Tennessee.

9. Applicable conditions and easements, if any, in subdivision regulations recorded in Book 2116, Page 186, in the Register's Office of Hamilton County, Tennessee.

10. Deed of Trust from Lamar Bearden and wife, Melissa Bearden for the benefit of Bretlin, Inc., a Georgia corporation, successor in interest to Carriage Industries, Inc., dated September 11, 1998 recorded in Book 5179, Page 350, in the Register's Office of Hamilton County, Tennessee, as amended by First Amendment to Tennessee Deed of Trust and Security Agreement recorded in Book ___, Page ___, said Register's Office and the Amended and Restated Purchase Money Note dated January 16, 2004, and the Note Assumption Agreement dated January 16, 2004, recorded in Book ___, Page ___, said Register's Office.

**Note: Items l, 5 and 6 will not appear on final mortgagee policy.**

If an Owner's Policy to be issued, an exception will also appear for the 2nd mortgage in favor of Northwest Georgia Bank being executed through closing.

NOTE: This Commitment consists of insert pages labeled in Schedule A, Schedule B-Section 1, and Schedule B-Section 2. This commitment is of no force and effect unless all schedules are included, along with any Rider pages incorporated by reference in the insert pages.